# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY LEVI REITMIRE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-18-1035-G |
| UNITED STATES, | ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

Plaintiff Jerry Levi Reitmire, appearing pro se, filed his Complaint (Doc. No. 1) on October 22, 2018. *See* Compl. at 1. Upon review, the Court dismisses the Complaint for failure to comply with the Federal Rules of Civil Procedure.

*I.     Violation of Federal Rule of Civil Procedure 8*

Rule 8 requires, among other things, that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8 (a)(2), (d)(1). This is not just a minimum standard for a plaintiff but also a protection for a defendant. The Rule is violated by "unnecessary length and burying of material allegations in a morass of irrelevancies." *Baker v. City of Loveland*, 686 F. App'x 619, 620 (10th Cir. 2017) (internal quotation marks omitted); *see also U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter.").

Although courts construe pro se litigants' pleadings liberally, pro se parties must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted); *accord Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Federal Rule of Civil Procedure 41(b) "specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure," including Rule 8. *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1161 (10th Cir. 2007). A court may order dismissal under Rule 41(b) on its own initiative. *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Dismissal for violating Rule 8 is appropriate when a complaint is so unintelligible that it does not give fair notice to a defendant of the plaintiff's claims. *See Baker*, 686 F. App'x at 622 (affirming dismissal where "sifting through the excess allegations . . . would have imposed a considerable burden" on the defendant and the court); *Bishop v. Romer*, Nos. 98-1294, 98-1296, 1999 WL 46688, at *3 (10th Cir. Feb. 3, 1999) (affirming dismissal where complaint "consist[ed] of several pages of rambling, disjointed factual allegations, seemingly unrelated conclusory assertions of constitutional violations, and an exhaustive recital of statutes and administrative rules, which shed no light on the exact nature of [the plaintiff's] claims").

Even under a liberal construction, Plaintiff's Complaint fails to satisfy Rule 8. The Complaint spans 70 pages and is accompanied by 73 exhibits. It includes 31 separate counts of negligence, each of which incorporates by reference 56 pages of disjointed factual allegations. Scattered throughout the Complaint are references to alleged duties

2

and breaches of the same, which are not tied to any specific factual allegations. Plaintiff's Complaint is, in sum, "so sprawling as to be essentially incomprehensible," and must, for this reason, be dismissed. *Garst*, 328 F.3d at 376.

Compounding the unintelligibility of the Complaint is Plaintiff's failure to organize his allegations into numbered paragraphs, as required by Federal Rule of Civil Procedure 10(b). "The requirement of numbered paragraphs is not a mere technicality." *Wilson v. Oklahoma*, No. CIV-06-752-F, 2006 WL 8436365, at *2 (W.D. Okla. Sept. 26, 2006). Numbered paragraphs serve to facilitate clarity within a pleading and make it easier for defendants to reference and respond to particular allegations. *See id.*; *Allen v. Life Ins. Co. of N. Am.*, 267 F.R.D. 407, 409 (N.D. Ga. 2009). Although dismissal is not based on this omission, Plaintiff is advised that any amended pleading he files must comply with Rule 10(b).

II.     *Defendant's Motion for a More Definite Statement*

Defendant United States has moved for a more definite statement pursuant to Rule 12(e),[1] arguing primarily that Plaintiff's failure to comply with Rule 8 has deprived Defendant of the fair notice to which it is entitled. *See* Def.'s Mot. (Doc. No. 8) at 6-13.

---

[1] As Defendant notes, motions for a more definite statement are disfavored and are intended "'to permit litigants to procure information needed to frame a responsive pleading.'" Def.'s Mot. at 8 (quoting 5C Charles Alan Wright et al., *Federal Practice and Procedure* § 1376 (3d ed. 2013)).

Defendant asks the Court to "direct Plaintiff to file an amended complaint, setting out a more definite statement of his claims." *Id.* at 8.

The deficiencies identified by Defendant, as well as the requested relief, would be more appropriately addressed by an order of dismissal than by an order for a more definite statement. *See, e.g., Griffin v. Milwaukee Cty.*, 369 F. App'x 741, 743 (7th Cir. 2010) (explaining that "often it is simpler to dismiss an unintelligible complaint with leave to file a new one so that a plaintiff's allegations are contained in only one document rather than two: the complaint and the more definite statement"). Regardless, as explained above, dismissal is warranted on other grounds. Accordingly, Defendant's Motion for a More Definite Statement (Doc. No. 8) is denied as moot.

## CONCLUSION

Plaintiff's Complaint (Doc. No. 1) is DISMISSED without prejudice pursuant to Federal Rules of Civil Procedure 8(a) and 41(b). Defendant's Motion for a More Definite Statement (Doc. No. 8) is DENIED as moot.

Plaintiff is directed to file an amended complaint within 21 days of the date of this order, which cures the deficiencies identified herein. Specifically, (1) each allegation must be simple, concise, and direct; (2) Plaintiff should organize his allegations into numbered paragraphs that, insofar as practicable, are limited to a single set of circumstances; (3) Plaintiff should eliminate superfluous facts not directly related to a particular cause of action; (4) Plaintiff should clearly identify the factual allegations supporting each cause of action; and (5) Plaintiff should clearly identify which of the officers or employees of the United States engaged in each specific act of which he complains.

Further, the matter is stricken from the Court's February 2019 Status Conference Docket. Defendant's Motion to re-set the Status Conference and extend the deadline for the submission of the parties' joint status report and discovery plan (Doc. No. 11) is DENIED as moot.

IT IS SO ORDERED this 1st day of February, 2019.

*/s/ Charles B. Goodwin*
CHARLES B. GOODWIN
United States District Judge